UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RANDY MCBRIDE,

    Plaintiff,

v.

CAPTAIN JESSIE SCHNEIDER,

    Defendant.

Case No. 22-CV-1462-JPS

**ORDER**

---

    Plaintiff Randy McBride ("Plaintiff"), who is currently incarcerated at Kettle Moraine Correctional Institution ("KMCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendant Schneider violated his constitutional rights. ECF No. 1. On October 31, 2023, the Court screened Plaintiff's amended complaint and allowed Plaintiff to proceed on the following claim: Eighth Amendment excessive fine claim against Schneider. ECF No. 12 at 13.

    On December 15, 2023, Defendant filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies as to the Eighth Amendment claim. ECF No. 20. On March 7, 2023, the Court ordered Plaintiff to file an opposition to the motion for summary judgment on or before April 8, 2024 and warned him that the failure to do so may result in the dismissal of this action. ECF No. 28. Over four months has passed since Defendant's motion for summary judgment was filed, and, to date, Plaintiff has filed no opposition to that motion. As such, the motion is ready for disposition.

Despite Plaintiff's failure to oppose summary judgment, the Court has independently reviewed the motion to determine whether it states adequate grounds for the relief requested. *See Nabozny v. Podlesny*, 92 F.3d 446, 457 n.9 (7th Cir. 1996) ("[T]he Seventh Circuit . . . requires that before granting a dispositive motion as unopposed, the trial judge must look at the motion to determine whether it states adequate grounds for the relief requested."). Based on the Court's review of Defendant's submissions, and for the reasons explained below, the Court will grant Defendant's motion for summary judgment based on the failure to exhaust administrative remedies and will dismiss this case without prejudice.

1. **STANDARD OF REVIEW**

    1.1 **Summary Judgment**

    Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

    1.2 **Exhaustion of Prisoner Administrative Remedies**

    The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available." 42 U.S.C.

§ 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

### 1.2.1 Inmate Complaint Review System

The Wisconsin Department of Corrections (the "DOC") maintains an inmate complaint review system ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil rights claims." *Id.* § DOC 310.01(2)(a). Before commencing a civil action or special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id*. § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of

Page 3 of 13
Case 2:22-cv-01462-JPS    Filed 04/17/24    Page 3 of 13    Document 29

the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or her to correct any issue(s) and re-file within ten days. *See id.* § DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC 310.10(10).[1] If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing authority. *Id.* § DOC 310.10(9),(12). The reviewing authority ("RA") will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

Second, if the ICE recommends, and the RA accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when he or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within ninety days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted. *Id.* § DOC 310.13(4).

2. **RELEVANT FACTS**

Defendant's motion for summary judgment addresses the issue only of whether Plaintiff exhausted his administrative remedies as to the Eighth

---

[1] The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

Amendment claim against Schneider. The Court accordingly finds the following facts relevant to the disposition of the issue at hand.

### 2.1 Plaintiff's Allegations

Plaintiff alleges that on April 25, 2022, he was housed on Unit 21 with inmate Gentry as a cellmate. ECF No. 9 at 2. Due to the Department of Corrections ("DOC") employees not securing the steel bunk bed frame to the floor, the entire bed frame tipped on Plaintiff while Gentry climbed up the bed. *Id.* There were metal brackets at all four corners of the bed frame, but they were not bolted to the floor. *Id.* Plaintiff suffered physical and emotional damage as a result of this incident. *Id.*

Sgt. Rasher ("Rasher") caused Plaintiff excessive financial hardship by forcing Plaintiff to pay for off-site medical care. *Id.* All DOC defendants retaliated against Plaintiff by underplaying his serious injuries from the incident. *Id.* Plaintiff was placed in temporary lock-up ("TLU") for crying about the bed falling on him. *Id* Plaintiff was charged with disruptive conduct and found guilty of "lying and enterprises and fraud." *Id.* Plaintiff maintains that he had no control over or intent for the bunk bed to fall on him. *Id.*

Rasher obtained "kites" or notes from Plaintiff, a/k/a "Boosie," and used them against him. *Id.* at 4. Rasher claimed that Plaintiff and his cellmate were passing notes to seek financial gain out of the incident. Rasher used the kites to punish Plaintiff at his due process hearing. *Id.* Plaintiff states that Rasher caused Plaintiff to pay off-site medical costs of $999,999.00 as punishment for the conduct report. *Id.*

Capt. Arndt ("Arndt") abused his supervisory authority by placing Plaintiff in segregation because a DOC employee had failed to properly secure the bed frame. *Id.* at 6. Arndt mishandled the investigation and

placed blame on Plaintiff. As a result, Plaintiff was found guilty and received thirty days in segregation and fined $999,999 in restitution. *Id.*

Defendant Captain Jessie Schneider ("Schneider") failed to intervene knowing that policy requires all furniture to be secured for safety. *Id.* at 4. Schneider found Plaintiff guilty of CR#00258214, despite knowing that Plaintiff was not at fault for the bunk bed not being secure. *Id.* Schneider did not treat Plaintiff equally to other inmates. *Id.* Schneider held the due process hearing and punished Plaintiff with $999,999.00 in restitution for re-paying his medical bills. *Id* at 12.

Warden Jason Benzel ("Benzel") failed to intervene despite knowing that policy requires all furniture to be safe and secure for inmate safety. *Id.* Benzel failed to train staff on policy in room security and safety measures. *Id.* Benzel did not treat Plaintiff equal due to staff negligence of unsecure furniture and allowed staff to retaliate against Plaintiff. *Id.*

### 2.2. Exhaustion Facts

Plaintiff has failed to oppose Defendant's motion for summary judgment and has provided no response to Defendant's proposed facts. As such, the Court adopts Defendant's proposed findings of fact as undisputed for the purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); Civil Local Rules 7(b) and (d) (warning that "[f]ailure to respond to [a] motion may result in the Court deciding the motion without further input from the parties," and that "[f]ailure to comply with [motion] briefing requirements . . . may result in sanctions up to and including the Court denying or granting the motion."

Plaintiff was incarcerated through the Department of Corrections at Dodge Correctional Institution ("DCI") at the times relevant to the complaint. Defendant Jessie Schneider is employed by Corrections at DCI as a Supervising Officer 2.

Plaintiff was issued a conduct report ("CR 258214") on May 10, 2022 for lying, enterprise, and fraud regarding an incident that took place on April 25, 2022. Specifically, on April 25, 2022, a bunkbed had overturned and Plaintiff and another inmate were sent to the hospital via ambulance. Subsequently, a sergeant found notes that were transferred between Plaintiff and another inmate allegedly indicating that the April 25, 2022 incident may have been staged for financial gain.

On May 16, 2022, Plaintiff was provided a copy of CR 258214 and Notice of Major Disciplinary Hearing Rights. Plaintiff signed his Notice of Major Disciplinary Hearing Rights on the same day. On May 26, 2022, a disciplinary hearing was held where Plaintiff made a statement in his defense. On May 26, 2022, as a result of the disciplinary hearing, Plaintiff was found guilty of lying, enterprise, and fraud. Plaintiff was given a disposition of thirty days in disciplinary separation and was notified that DCI would be imposing restitution from the amount spent on medical services on April 25, 2022. On May 26, 2022, the same date of his disciplinary hearing and disposition, DOC-2708 Notice of Intent to Charge Restitution for Off-Site Medical Care was issued. This form advises an inmate that he is being charged restitution; it noted that "an estimated dollar amount may be placed on hold until the exact dollar amount is determined." Plaintiff refused to accept the paper form. Plaintiff refused to sign the Doc-2709 form, Order to Pay Restitution for Off-Site Medical Care.

On June 16, 2022, Plaintiff appealed CR 258214. On June 20, 2022, the Warden's office received his appeal, and the Warden issued a decision on June 21, 2022. The Warden considered the appeal untimely, and it was not accepted. Pursuant to Wisconsin Administrative Code Doc § 303.82(1), an

inmate may appeal a disciplinary decision to the Warden within ten days after the inmate receives a copy of the decision.

Plaintiff had a second chance to appeal the restitution amount charged as a result of CR 258214. The DOC -2709 form, which was issued to Plaintiff on June 20, 2022, showing his restitution amount of $1, 623, has a box that clearly denotes that if the inmate "disagrees with the restitution amount being charged he must file an appeal in writing directly to the Warden within 10 days of receipt of this notice per DAI policy 303.72.01." The Warden's office did not receive any further appeals of CR 258214 from Plaintiff. Plaintiff did not submit a timely appeal of conduct report 258214.

On the day of the inmates' arrival at DCI, which serves as central reception center for all male inmates sentenced to prison, all inmates are provided a copy of Wisconsin Administrative Code DOC § 303. This code sets forth the policies around the disciplinary process, specifically conduct reports and how to appeal conduct report dispositions.

On June 1, 2022, the ICE office acknowledged receipt of inmate complaint DCI-2022-8416, in which Plaintiff complained about CR 258214. The ICE dismissed complaint DCI-2022-8416 because the conduct report was a contested major disposition in which the Warden had not received an appeal.

Plaintiff also filed DCI-2022-9289 related to the discipline issued in the disposition of CR 258214. This complaint was rejected. Plaintiff filed RCI-2022-10174, alleging that he was given the wrong appeal form to appeal CR 258214. The ICE received this inmate complaint on July 6, 2022, and dismissed the complaint on the basis that at the time the original "incorrect" form was received it was already untimely. The reviewing authority ("RA"), the corrections complaint examiner ("CCE"), and the

Page 8 of 13
Case 2:22-cv-01462-JPS   Filed 04/17/24   Page 8 of 13   Document 29

Office of the Secretary ("OOS") each upheld the dismissal of RCI- 2022-10174.

The Warden's office keeps a logbook of all conduct report appeals submitted by prisoners in our care ("PIOC"). All conduct reports are entered into the logbook to reflect date received, and disposition of the appeal. If a PIOC were to submit a Conduct Report appeal to the Warden's office on the wrong form, the appeal is still entered into the logbook on the date of receipt by the Warden's office. The Warden's office then will send the PIOC the correct form to complete, and once the correct form is submitted, the appeal is considered received on the date the original appeal was received and is considered as received timely.

Regarding Plaintiff's appeal, the Warden's office received no appeal from Plaintiff regarding CR 258214 until June 20, 2022. In Plaintiff's appeal, received on June 20, 2022, he did not state good cause for his late appeal to CR 258214.

On July 11, 2022, Plaintiff filed RCI-2022-10534 regarding the restitution amount being deducted from his account. The ICE received this complaint on July 13, 2022, and dismissed it on July 15, 2022. The ICE dismissed this complaint noting that Plaintiff was told that he would be charged restitution for medical costs incurred and that he refused form DOC-2708 on May 26, 2022, and also refused to sign form DOC-2709, which would have shown the amount of the restitution. The RA, the CCE, and the OOS each upheld the dismissal of RCI-2022-10534.

3. **ANALYSIS**

Defendant requests summary judgment on a single ground: that Plaintiff failed to exhaust his administrative remedies as to the Eighth Amendment claim against Schneider. ECF No. 21 at 7. One purpose of the

Page 9 of 13
Case 2:22-cv-01462-JPS   Filed 04/17/24   Page 9 of 13   Document 29

exhaustion requirement is to permit prison officials the opportunity to address inmate concerns internally before an inmate initiates litigation. *Woodford v. Ngo,* 548 U.S. 81, 89 (2006); *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020). Exhaustion "promotes efficiency because a claim can generally be resolved much more quickly in an administrative proceeding than in litigation in federal court." *Schillinger*, 954 F.3d at 995.

Here, the undisputed facts show that Plaintiff failed to exhaust his administrative remedies for the Eighth Amendment excessive fine claim against Schneider. As identified above, Plaintiff did file various appeals/complaints in relation to his restitution; however, the failure to properly complete each step in the appeal process constitutes the failure to exhaust administrative remedies. *See Pozo,* 286 F.3d at 1025. Given Plaintiff's lack of opposition to the motion for summary judgment, the Court briefly explains why none of these complaints satisfied the exhaustion process.

As to CR258214, Plaintiff received the notice of intent to charge restitution on May 26, 2022, but did not file his appeal of this disposition until June 16, 2022. ECF No. 22 at 2-3. Pursuant to Wisconsin Administrative Code Doc § 303.82(1), the Warden considered the appeal untimely, and it was not accepted. *Id.* at 3. Plaintiff had a second opportunity to appeal the restitution amount when he received the DOC -2709 form on June 20, 2022, specifically outlining the $1,623.00 owed. *Id.* The form provided that Plaintiff could appeal this amount "in writing directly to the Warden within 10 days of receipt of this notice per DAI policy 303.72.01." *Id.* The Warden's office did not receive any further appeals of CR 258214 from Plaintiff. *Id.*

As to DCI-2022-8416, the ICE acknowledged receipt of this complaint but dismissed it because the conduct report was a contested

major disposition in which the Warden had not received an appeal. *Id.* at 4; *see also* Wis. Admin. Code § DOC 310.06(2)(b) (providing that an inmate may raise issues through the inmate complaint review system *only after* exhausting, as appropriate, the disciplinary appeal process under Ch. DOC 303). As to DCI-2022-928, relating to the disposition of CR 258214, this complaint was rejected. ECF No. 22. At 4.

As to RCI-2022-1017, Plaintiff filed this inmate complaint alleging that he was given the wrong appeal form to appeal CR 258214. *Id.* The complaint was dismissed on the basis that at the time the original "incorrect" form was received it was already untimely. *Id.* at 5. As to RCI-2022-10534, the complaint was dismissed because Plaintiff had been previously told that he would be charged restitution for medical costs incurred and that he refused form DOC-2708 on May 26, 2022, and also refused to sign form DOC-2709, which would have shown the amount of the restitution. *Id.* at 6. In short, Plaintiff's initial failure to timely appeal his disciplinary disposition was fatal to the complete exhaustion of his administrative remedies.

Finally, and significantly, Plaintiff filed *no* inmate complaint regarding the $999,999.00 restitution for re-paying his medical bills as alleged in his amended complaint. *See* ECF No. 9 at 6. Nor could he have done so since the undisputed evidence in the record shows that Plaintiff's owed restitution was only for $1,623.00. *See* ECF No. 23-1 at 10. Plaintiff's flagrant exaggeration of his restitution owed is troubling to the Court and is conduct that will not be tolerated in future cases. Absent the dismissal of this case for the failure to exhaust administrative remedies, Plaintiff's conduct may have resulted in sanctions because fabricating allegations to the court is an abuse of the litigation process. *See Goodvine v. VandeWalle,*

Page 11 of 13
Case 2:22-cv-01462-JPS    Filed 04/17/24    Page 11 of 13    Document 29

No. 16-C-890, 2018 WL 460121, *8 (E.D. Wis. Jan. 17, 2018) ("It is hard for the Court to conceive of misconduct more malicious than fabricating allegations and evidence.").

Plaintiff failed to provide prison officials the opportunity to address his concerns internally prior to filing this case and therefore failed to exhaust his administrative remedies. As such, the Court is obliged to grant Defendant's motion for summary judgment based on Plaintiff's failure to exhaust his Eighth Amendment excessive fine claim. The Court will accordingly dismiss this case without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (finding all exhaustion dismissals should be without prejudice).

### 4. CONCLUSION

For the reasons explained above, the Court will grant Defendant's motion for summary judgment, ECF No. 20. Plaintiff failed to exhaust his administrative remedies as to the Eighth Amendment excessive fine claim against Schneider and the Court accordingly dismisses this case without prejudice.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment based on the exhaustion of administrative remedies, ECF No. 20, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to exhaust administrative remedies**.**

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.